UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ASENDE ETABO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26cv977 CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Asende Etabo filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 2. The warden answered the petition, and Mr. Etabo filed a reply. ECF 8, 9. The petition is ready to be decided.

Mr. Etabo is a native and citizen of the Democratic Republic of the Congo who was admitted into the United States in 2010 as a refugee and later became a lawful permanent resident. ECF 8-1 at 7. In 2022, he was convicted of violating an order of protection. *Id.* at 10. In February 2023, immigration officials served him with a notice to appear. *Id.* at 7. In April 2023, he received a custody redetermination hearing before an immigration judge and was released on bond. ECF 8-2. After his release, he was convicted of numerous crimes including driving under the influence, domestic violence, fraud, and disorderly conduct. ECF 8-1 at 3. In February 2025, he was re-detained by agents of United States

Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant. *Id.* at 2, 11. He is currently being held at Miami Correctional Facility.

On June 10, 2025, Mr. Etabo moved for custody redetermination before an immigration judge. ECF 8-3. According to the Warden, the immigration judge never adjudicated his bond request and it remains open. ECF 8 at 2. On December 4, 2025, an immigration judge ordered him removed to the Democratic Republic of the Congo. ECF 8-4. Mr. Etabo appealed his removal order to the Board of Immigration Appeals, and his appeal remains pending. ECF 8-1 at 20. He then filed this habeas petition, requesting his immediate release or a bond hearing.

In his response, the Warden argues that Mr. Etabo is categorized under 8 U.S.C. § 1226(a)—the "default rule" for detention of noncitizens who are present in the United States, *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)—and that he already received all the process he is due. "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

The Attorney General has delegated this discretion by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a

danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). When a noncitizen files this motion, an immigration judge, under immigration court rules, must "in general" schedule a "hearing for the earliest possible date," though in "limited circumstances" the immigration judge may rule on a bond redetermination request without a hearing. Immig. Ct. Practice Manual § 8.3(d). A noncitizen may request a second custody redetermination before an immigration judge, but a hearing will only be granted if the noncitizen shows materially changed circumstances. 8 C.F.R. § 1003.19(e). A noncitizen may appeal a decision relating to bond and custody determinations to the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3).

Mr. Etabo argues that his due process rights were violated because he requested a bond hearing under § 1226(a) but never received one. ECF 9 at 4. Here, the fact that Mr. Etabo received a custody redetermination hearing in April 2023 does not resolve this claim. That proceeding resulted in Mr. Etabo's release on bond. He was later convicted of additional offenses and taken back into immigration custody in February 2025. The April 2023 hearing therefore did not address the circumstances underlying his current

detention. After his rearrest, Mr. Etabo requested a custody redetermination on June 10, 2025, and the warden acknowledges that this request remains pending. ECF 8 at 2; ECF 8-3.

Immigration officials may revoke a noncitizen's release and return him to custody, but the regulations preserve administrative review of that custody decision. *See* 8 C.F.R. § 1236.1(c)(9)–(10), (d)(1). In *Matter of Sugay*, 17 I. & N. Dec. 637, 639–40 (BIA 1981), the BIA recognized both the authority to revise an earlier bond determination based on changed circumstances and the noncitizen's ability to obtain review of the revised determination. *See also Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017) (explaining that a noncitizen rearrested after release on bond is entitled to a prompt hearing concerning the changed circumstances offered to justify renewed detention). Thus, the fact that Mr. Etabo received a hearing before his earlier release does not establish that he has received adequate process concerning his subsequent detention.

Due process requires an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation omitted). Mr. Etabo has remained detained for more than nineteen months since his rearrest, and his request for custody redetermination has remained unanswered for more than fifteen months. The warden offers no explanation for that delay. Under these circumstances, the availability of a procedure that has produced neither a hearing nor a decision for more than fifteen months does not provide a meaningful opportunity to challenge his detention.

Further exhaustion of administrative remedies is excused. Exhaustion in this context is not statutorily mandated, and an exception is appropriate when requiring further administrative proceedings would cause prejudice through unreasonable delay or an indefinite timeframe for agency action. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Mr. Etabo invoked the available custody-review procedure in June 2025 and still has no ruling to appeal. Requiring him to continue waiting indefinitely would perpetuate the deprivation underlying his claim.

Accordingly, Mr. Etabo is entitled to a conditional writ requiring a prompt individualized custody redetermination. The court does not decide whether his criminal history or other circumstances warrant denying bond; those matters remain for the immigration judge to assess under the applicable standards. The warden must release Mr. Etabo unless, within thirty days of this order, he receives an individualized bond hearing under § 1226(a) and a decision determining whether his continued detention is warranted.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition (ECF 2) and **ORDERS** the Respondents to release Asende Etabo on or before **October 30, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Respondent to file proof of compliance with this order by

**October 30, 2026.**

SO ORDERED on October 1, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT